IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANTHONY CAREY, #152763,           )
                                  )
        Plaintiff,                )
                                  )
    v.                            )     CASE NO. 2:07-CV-481-WKW
                                  )            [WO]
                                  )
WARDEN GEORGE FREE, et al.,       )
                                  )
        Defendants.               )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Anthony Carey ["Carey"], a state inmate presently

confined at the Limestone Correctional Facility, challenges the constitutionality of actions

undertaken during proceedings related to a state civil action filed in the Circuit Court of

Elmore County, Alabama.  Specifically, Carey asserts that the state court erred in denying

his habeas petition challenging a 2003 disciplinary for possession of contraband issued

against him during his incarceration at the State Cattle Ranch in Greensboro, Alabama.[1]

Carey also presents claims attacking the constitutionality of the aforementioned

disciplinary.

Upon review of the complaint, the court concludes that dismissal of the plaintiff's

claims challenging actions undertaken by the Circuit Court of Elmore County, Alabama

---

[1]Greensboro, Alabama is located within the jurisdiction of the United States District Court for the
Northern District of Alabama.

and his claims against Troy King are proper under 28 U.S.C. § 1915(e)(2)(B)(i).[2] The court

further concludes that those claims related to the validity of the 2003 disciplinary should

be transferred to the United States District Court for the Northern District of Alabama

pursuant to 28 U.S.C. § 1404.

## I.  DISCUSSION

### A.  Claims Arising from Actions of the Circuit Court of Elmore County, Alabama

In the complaint now before this court, Carey challenges adverse rulings issued by

the Circuit Court of Elmore County on a petition for writ of habeas corpus attacking the

validity of his 2003 disciplinary for possession of contraband. Carey seeks declaratory

relief and monetary damages for the adverse rulings issued by the state court in the

aforementioned proceeding.  "The *Rooker-Feldman* doctrine prevents ... lower federal

courts from exercising jurisdiction over cases brought by 'state-court losers' challenging

'state-court judgments rendered before the district court proceedings commenced.' *Exxon*

*Mobil Corp. V. Saudi Basic Industries Corp*., 544 U.S. 280, 284, 125 S.Ct. 1517, 161

L.Ed.2d 454 (2005)." *Lance v. Dennis*, 549 U.S. 459, ____, 126 S.Ct. 1198, 1199 (2006).

Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Carey from

proceeding before this court as this case is "brought by [a] state-court loser[] complaining

---

[2]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.  544 U.S. at 284, 125 S.Ct. [at] 1517."  *Lance*, 125 S.Ct. At 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (section 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, summary dismissal of Carey's claims arising from actions undertaken by the Circuit Court of Elmore County in his state habeas action is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).[3]

## B.  The Claims Against Troy King

Carey names Troy King as a defendant in this cause of action.  It appears from the complaint that Carey seeks to hold defendant King responsible for actions undertaken by the office of the Attorney General in defending against issuance of the petition for habeas

---

[3]Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

3

corpus relief.  These claims entitle Carey to no relief in this cause of action.

"A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993)."  *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions.  To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case."  *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d 783, 788-89 (11th Cir. 1988).

The actions of defendant King and/or members of his staff about which the plaintiff complains relate to the role this defendant undertakes  "as an 'advocate' for the state" and such actions were "intimately associated with the judicial phase of" civil proceedings in which the Attorney General represented the state.  *Mastroianni*,  60 F.3d at 676 (citations omitted).  Defendant King is therefore "entitled to absolute immunity for that conduct." *Id.*  Thus, Carey's request for monetary damages against Troy King lacks an arguable basis in law and is therefore subject to dismissal in accordance with the directives of 28 U.S.C.

§ 1915(e)(2)(B)(i) and (iii). *Neitzke*, 490 U.S. at 327. As previously determined, Carey is

entitled to neither declaratory nor injunctive relief for any adverse action taken during the

state court proceedings related to his state petition for habeas corpus relief.

### C.  The 2003 Disciplinary for Possession of Contraband

A federal civil action filed by an inmate under the authority of 42 U.S.C. § 1983

"may be brought ... in (1) a judicial district where any defendant resides, if all defendants

reside in the same State, (2) a judicial district in which a substantial part of the events or

omissions giving rise to the claim occurred ... or (3) a judicial district in which any

defendant may be found, if there is no district in which the action may otherwise be

brought." 28 U.S.C. § 1391(b). However, the law further provides that "[f]or the

convenience of parties and witnesses, [and] in the interest of justice, a district court may

transfer any civil action to any other district ... where it might have been brought." 28

U.S.C. § 1404(a).

All of the defendants personally involved with the 2003 disciplinary for possession

of contraband challenged by the plaintiff reside in the Northern District of Alabama.

Moreover, the actions about which the plaintiff complains with respect to such disciplinary

occurred within the jurisdiction of the United States District Court for the Northern District

of Alabama. Thus, it is clear that the majority of witnesses and evidence associated with

this disciplinary are located in the Northern District of Alabama.

In light of the foregoing, the court concludes that in the interest of justice and for the

convenience of the parties the plaintiff's claims challenging the constitutionality of the
2003 disciplinary should be transferred to the United States District Court for the Northern
District of Alabama for review and determination.[4]

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's challenge to disposition of his habeas petition by the Circuit Court
of Elmore County, Alabama and his claims against Troy King be dismissed with prejudice
prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and
(iii).

2. Troy King be dismissed as a defendant in this cause of action.

3. This case, with respect to the plaintiff's claims challenging the constitutionality
of a 2003 disciplinary for possession of contraband lodged against him during his
incarceration at the State Cattle Ranch in Greensboro, Alabama, be transferred to the
United States District Court for the Northern District of Alabama.

It is further

ORDERED that on or July 2, 2007 the parties may file objections to this
Recommendation. Any objections filed must clearly identify the findings in the Magistrate
Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general

---

[4]In transferring the present case, this court makes no determination with respect to the merits of the
plaintiff's claims for relief. However, it appears that the claims presented in the complaint are barred by the
two-year period of limitation applicable to § 1983 actions.

objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of June, 2007.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE