Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

_____

May 08, 2008

**Appeal Number: 07-13909-HH**
Case Style: Anthony L. Carey v. George Free
District Court Number:  07-00481 CV-W-N

TO:   Debra P. Hackett

CC:   Anthony L. Carey (152763)

CC:   Bettie J. Carmack

CC:   Administrative File

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

May 08, 2008

Debra P. Hackett
Clerk, U.S. District Court
15 LEE ST STE 206
MONTGOMERY  AL  36104-4055

**Appeal Number: 07-13909-HH**
Case Style: Anthony L. Carey v. George Free
District Court Number:  07-00481 CV-W-N

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original record on appeal or review, consisting of: one volume

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)

# United States Court of Appeals
For the Eleventh Circuit

No. 07-13909

District Court Docket No.
07-00481-CV-W-N

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| Apr 9, 2008 |
| THOMAS K. KAHN |
| CLERK |

ANTHONY L. CAREY,

      Plaintiff-Appellant,

versus

GEORGE FREE,
Warden,
GRAY BICE,
Officer,
ANN LANGFORD,

      Defendants-Appellees,

TROY KING,
Attorney General, Hon.,

      Defendant.

---

Appeal from the United States District Court
for the Middle District of Alabama

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

ISSUED AS MANDATE
MAY 0 8 2008
U.S. COURT OF APPEALS
ATLANTA, GA

Entered: April 9, 2008
For the Court: Thomas K. Kahn, Clerk
By: Gilman, Nancy

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 9, 2008
THOMAS K. KAHN
CLERK
```

No. 07-13909
Non-Argument Calendar

D. C. Docket No. 07-00481-CV-W-N

ANTHONY L. CAREY,

                                              Plaintiff-Appellant,

versus

GEORGE FREE,
Warden,
GRAY BICE,
Officer,
ANN LANGFORD,

                                              Defendants-Appellees,

TROY KING,
Attorney General, Hon.,

                                              Defendant.

Appeal from the United States District Court
for the Middle District of Alabama

**(April 9, 2008)**

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Anthony Carey, proceeding pro se, appeals the district court's dismissal of his civil rights action challenging the state court's denial of his state habeas petition. For the reasons that follow, we affirm.

Carey, a state prisoner, filed a state habeas petition, challenging a 2003 disciplinary proceeding during his incarceration. After the state court denied relief, Carey filed the instant civil action against Alabama Attorney General Troy King, Warden George Free, Officer Gray Bice, and Ann Langford. Construing that complaint as a civil action under 42 U.S.C. § 1983, the magistrate judge recommended dismissing the claims under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) because the court lacked jurisdiction over the claims challenging the state court's decision and the claims against King were barred by absolute immunity. Carey filed no objections to the recommendation, and the district court dismissed the complaint in part.[1] Carey now appeals.

Pursuant to § 1915(e)(2)(B), the district court shall dismiss an in forma pauperis ("IFP") case at any time if it determines, inter alia, the action: "(i) is

---

[1] On the magistrate judge's recommendation, the district court transferred the remaining claims challenging the disciplinary actions to the Northern District of Alabama, which was the district in which the alleged violations occurred.

2

frivolous or malicious; . . . or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

## I.

We review a district court's <u>sua sponte</u> dismissal for frivolity under § 1915(e)(2)(B)(i) for an abuse of discretion. <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003). We review a district court's finding that it lacks subject matter jurisdiction <u>de novo</u>. <u>Dale v. Moore</u>, 121 F.3d 624, 626 (11th Cir. 1997).

The "<u>Rooker-Feldman</u>[2] doctrine provides that federal courts, other than the Supreme Court, have no authority to review the final judgments of state courts." <u>Amos v. Glynn County Bd. of Tax Assessors</u>, 347 F.3d 1249, 1265-66 n.11 (11th Cir. 2003). In order for the doctrine to apply: (1) the party in federal court must be the same as in the state court; (2) the state court ruling must be a final judgment on the merits; (3) the plaintiff in federal court had a reasonable opportunity to raise his claims in the state court proceeding; and (4) "the issue before the federal court was either adjudicated by the state court or inextricably intertwined with the state court's judgment." <u>Id.</u>

The Supreme Court has held that the <u>Rooker-Feldman</u> doctrine is confined

---

[2] <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476-82, 103 S.Ct. 1303, 1311-15, 75 L.Ed.2d 206 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923).

3

to cases that are "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005).

Because (1) this is the type of case to which the Supreme Court has determined the <u>Rooker-Feldman</u> doctrine applies, and (2) all of the <u>Rooker-Feldman</u> elements were met, the district court properly concluded that it lacked subject matter jurisdiction to consider Carey's challenge to the state court's denial of his habeas petition.

## II.

We review dismissals pursuant to § 1915(e)(2)(B)(iii) <u>de novo</u>. State defendants sued in their official capacity for monetary damages under § 1983 are immune from suit under the Eleventh Amendment. See <u>Powell v. Barrett</u>, 496 F.3d 1288, 1304, 1308 (11th Cir. 2007). We do not recognize vicarious liability, including respondeat superior, in § 1983 actions. <u>Geobert v. Lee County</u>, 510 F.3d 1312, 1331 (11th Cir. 2007).

Because Carey appears to have brought suit against King based on actions undertaken by his office as the attorney general, the district court correctly

4

concluded that King was absolutely immune from suit for money damages.

Accordingly, we **AFFIRM** the dismissal of Carey's complaint.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia